IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Troy A. Roper,

      *Plaintiff*,

v.

Helen Fitzgerald, et al.

      *Defendants*.

Case No. 15 CV 50023

Magistrate Judge Iain D. Johnston

## REPORT AND RECOMMENDATION

It is this Court's Report and Recommendation that Defendant Fitzgerald's motion to dismiss (Dkt. 5) be granted and that the District Court decline to exercise supplemental jurisdiction over the claims against the remaining defendants. Additionally, this Court recommends that Plaintiff's motion for attorney representation (Dkt. 12) be denied as moot. Any objection to this Report and Recommendation must be filed by July 9, 2015. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

## STATEMENT

On December 10, 2014, Plaintiff, Troy A. Roper, proceeding *pro se*, filed a complaint in the Circuit Court of Winnebago County. Plaintiff filed the action against Helen Fitzgerald, who is a United States Department of Veterans Affairs employee, Rosecrance Ware Center and several individuals, seeking administrative review of his eviction from Rosecrance and for several alleged violations of the Veterans Affairs housing program.[1] On February 4, 2015, the United States filed a notice of removal pursuant to 28 U.S.C. § 1442(a). The following day, the United States filed a motion to dismiss, on behalf of Defendant Fitzgerald, for lack of subject-matter jurisdiction.

On March 13, 2015, Plaintiff filed a motion for attorney representation. Following a hearing on the motion, the Court directed Plaintiff to contact The John Marshall Law School's Veterans Legal Support Center and Clinic to inquire about legal representation. Accordingly, the Court entered and continued Plaintiff's motion for counsel and the pending motion to dismiss while Plaintiff attempted to retain counsel. To date, no attorney has filed an appearance on behalf of Plaintiff.

---

[1] Plaintiff's complaint consists of one page with minimal allegations against Defendants.

Furthermore, Plaintiff failed to appear at the Court's latest status hearing on June 18, 2015 and has not filed anything with this Court since that hearing.

Before the Court is Defendant Fitzgerald's motion to dismiss (Dkt. 5) pursuant to Federal Rule of Civil Procedure 12(b)(1). When reviewing a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction, the court must accept all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).

Defendant argues that the case should be dismissed for lack of subject-matter jurisdiction because this Court's jurisdiction upon removal is derivative of that of the state court's jurisdiction, which she argues lacked jurisdiction with respect to the official capacity claim against the United States. The derivative jurisdiction doctrine holds that if the state court where the action was initially commenced lacked "jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction." *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994).

This Court finds that the doctrine of derivative jurisdiction applies to this case. The Circuit Court of Winnebago County lacked jurisdiction over the action against the United States, as the United States and its officers are entitled to sovereign immunity. *See Rodas v. Seidlin*, 656 F.3d 610, 616 (7th Cir. 2011). In his compliant, Plaintiff appears to seek administrative review of his eviction from Rosecrance and several alleged violations of the Veterans Affairs housing program. As Defendant points out, if any federal statute permits review of her decisions, the claim must be brought under the Administrative Procedures Act. *See* 5 U.S.C. § 702. There is no evidence Plaintiff filed an administrative claim with the appropriate agency prior to filing the instant suit.

Moreover, there is no question that the United States had the right to remove this case to federal court. *See* 28 U.S.C. § 1442(a)(1) ("A civil action … commenced in a State court against [the United States or its agent] may be removed by them to the district court."). Therefore, since the derivative jurisdiction doctrine applies to § 1442(a)(1) removals, this Court did not acquire jurisdiction upon removal. *See Rodas* 656 F.3d at 619 (finding that derivative jurisdiction applies to removals under § 1442(a)(1)). This Court agrees. Pursuant to the doctrine of derivative jurisdiction, this Court believes the United States should be dismissed from the case.

As to the claims against the remaining defendants, the Court's jurisdiction would be based on the supplemental jurisdiction statute. 28 U.S.C. § 1367. Section 1367 extends the jurisdiction of the federal district courts to all claims that are sufficiently related to claims in the action on which original jurisdiction is premised,

such that they form part of the same case or controversy. 28 U.S.C. § 1367(a). However, the statute provides that a district court may decline to exercise supplemental jurisdiction over these claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "Although the decision is discretionary, "[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co., Inc. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012).

This presumption may be rebutted and the court may still exercise supplemental jurisdiction when: "(1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Id.* at 480. In the present case, the Court finds that none of these exceptions apply, and it recommends that supplemental jurisdiction not be exercised.

Therefore, it is this Court's Report and Recommendation that the District Court grant Defendant Fitzgerald's motion to dismiss (Dkt. 5) for lack of subject-matter jurisdiction. Should Defendant's motion to dismiss be granted, it is this Court's further Report and Recommendation that the District Court decline to exercise supplemental jurisdiction over the claims against Defendants Rosecrance Ware Center, Mcadoy, Houy, Grossen and Lodge and remand the claims against them to the Circuit Court of Winnebago County. Additionally, this Court recommends that Plaintiff's motion for attorney representation (Dkt. 12) be denied as moot. Any objection to this Report and Recommendation must be filed by July 9, 2015. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

Date: June 22, 2015          By: _____

Iain D. Johnston
United States Magistrate Judge